**Erin M. Pettigrew,** OSB 125100
erin@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
Of Attorneys for Rafael Ortiz, *et al*.

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re PRAKOPIY CAM,<br><br>    Debtor. | Case No.  13-34588-elp7 |
| RAFAEL ORTIZ-GARCIA, RAMIRO MARTINEZ-LOPEZ, ERNESTO MARTINEZ-RAMIREZ and EUTIMIO ORTIZ-GARCIA,<br><br>    Plaintiffs,<br><br> v.<br><br>PRAKOPIY CAM,<br><br>    Defendant. | Adv. Pro. No. _____<br><br>COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND FOR THE DETERMINATION  OF DISCHARGEABILITY OF CERTAIN DEBTS<br>[11 U.S.C. §§ 727(a)(2)(A) AND 727(a)(4)(A); 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)] |

Plaintiffs Rafael Ortiz-Garcia, Ramiro Martinez-Lopez, Ernesto Martinez-Ramirez and Eutimio Ortiz-Garcia (collectively, "Plaintiffs") make the following allegations against Debtor Defendant Prakopiy Cam through their undersigned attorney.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 1

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

## NATURE OF THE CASE

1.  Debtor Defendant Prakopiy Cam ("Defendant") hired Plaintiffs to work as seasonal farm workers on his berry farms located in Marion and Clackamas Counties, Oregon. Plaintiffs have a judgment against Defendant for unpaid wages, compensatory damages, and penalties for violations of federal and state law.  Plaintiffs object to Defendant's discharge on account of Defendant's attempt to hinder, delay, or defraud creditors by transferring his property to family members shortly before filing for Chapter 7 bankruptcy protection and for knowingly and fraudulently making false oath or account in the bankruptcy proceedings by omitting and making false statements with regards to Defendant's assets. Additionally, Plaintiffs seek an order declaring that Defendant's debt to Plaintiffs is non-dischargeable as such debt represents injury inflicted upon Plaintiffs through Defendant's willful and malicious acts. Plaintiffs also seek an order declaring Defendant's debt to Plaintiffs is non-dischargeable as debt incurred through the fraudulent conduct of Defendant whereby he induced Plaintiffs to work without intention to pay all of Plaintiffs' wages or comply with farm worker employment laws.

## JURISDICTION AND VENUE

2.  Defendant Cam seeks an order discharging debt owed to Plaintiffs pursuant to 11 U.S.C. § 727.  Defendant filed a voluntary petition for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the District of Oregon on or about July 18, 2013. Doc. 1, case No. 13-34588-elp7.

3.  This is an adversary proceeding objecting to Defendant's discharge. Plaintiffs also seek the Court's determination of non-dischargeability of certain debts on the grounds set forth below.  Fed. R. Bankr. P. 7001(4) and (6); 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A); 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 2

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

4.      This is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. §

157(b)(J) and 28 U.S.C. § 1334(b).

5.      Venue is proper pursuant to 28 U.S.C. § 1409(a) and Fed. R. Bankr. P. 7003 because the

adversary proceeding is filed in the district in which the bankruptcy case is pending.

### PARTIES

6.      Defendant owns and operates a berry farming business with berry fields located in

Canby, Woodburn, and Aurora, Oregon. Defendant hires seasonal workers to perform labor on his

farms.

7.      Plaintiff Rafael Ortiz-Garcia is a former employee of Defendant Cam. He was employed

by Defendant during 2003 through 2008.  The relevant period of employment to this Complaint begins

in February of 2006. He is a Creditor of Defendant and a natural person. At all times relevant to this

Complaint, he resided in Marion County, Oregon.

8.      Plaintiff Ramiro Martinez-Lopez is a former employee of Defendant Cam. He was

employed by Defendant during the relevant period of February of 2006 to August of 2006. He is a

Creditor of Defendant and a natural person. At all times relevant to this Complaint, he resided in Marion

County, Oregon.

9.      Plaintiff Ernesto Martinez-Ramirez is a former employee of Defendant Cam. He was

employed by Defendant during the relevant period of February of 2006 through October of 2006. He is a

Creditor of Defendant and a natural person.   At all times relevant to this Complaint, he resided in

Marion County, Oregon.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 3

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

10. Plaintiff Eutimio Ortiz-Garcia is a former employee of Defendant Cam. He was employed by Defendant during the relevant period of February of 2006 to October of 2006. He is a Creditor of Defendant and a natural person. At all times relevant to this Complaint, he resided in Marion County, Oregon.

11. On or about August 9, 2013, Defendant filed Schedule F in support of his voluntary petition, which included debts owed to Plaintiffs. Doc. 10, case No. 13-34588-elp7.

## FACTUAL ALLEGATIONS

### I. Defendant's Violations of the Migrant and Seasonal Worker Protection Act and Wage Payment Laws

12. Defendant owns and operates berry farms located in Marion and Clackamas counties in Oregon.

13. For the 2006 season, Plaintiffs were hired by Defendant on or around February 2006 to provide various types of seasonal farm labor for Defendant.

14. Plaintiffs' duties consisted of picking berries, pruning berry bushes, tying plants to guides, replanting, fertilizing, putting sprinklers out, and weighing and stacking boxes of berries after they were picked.

15. At all times material to this action, Defendant managed, supervised, and directed Plaintiffs' work activities.

16. At the time of hire, Defendant promised to pay Plaintiffs at a piece rate for time spent picking berries, determined at a market price per pound, and the Oregon minimum wage rate for all other labor performed in Defendant's berry growing operations.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 4

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

17.    Though Defendant understood his obligation to pay wages promised and wages required under federal and state law, he lacked an intention to pay such wages when he hired Plaintiffs. Defendant did not exhibit or express an inability to pay Plaintiffs at the time of hire and continued to receive income on accounts receivable during Plaintiffs' employment, income that could have been used to pay Plaintiffs.

18.    Defendant did not provide any Plaintiff at the time of recruitment, or at any other time, a statement of the terms and conditions of employment.

19.    Defendant did not pay Plaintiffs the minimum wage for all hours worked. Moreover, Defendant did not pay Plaintiffs all the wages they were promised.

20.    Defendant did not make or retain individual wage and hour records for any of the Plaintiffs.

21.    Plaintiffs lived in a trailer on the property owned by Defendant during the time in which they worked for Defendant. The trailer where Plaintiffs resided on Defendant's property failed to meet federal and state housing codes. Defendant nevertheless deducted between $75.00 and $100.00 per month from each Plaintiffs' pay for rent.

22.    Defendant regularly deducted 7.65% from Plaintiffs' wages and told Plaintiffs the deductions were for taxes. Defendant did not remit these withholdings to a state or federal government taxing authority. These deductions were made without Plaintiffs' written permission and did not benefit Plaintiffs.

23.    By the time Defendant set out to hire Plaintiffs, he had established a pattern and practice of hiring and subsequently not paying his workers the minimum wage and not paying all wages owed.

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

24.     Defendant had also established a pattern of failing to maintain sanitary conditions for his employees and not providing workers with written disclosures about the terms of their employment and their rights as seasonal agricultural workers.

25.     Plaintiffs were unaware of Defendant's history of not paying all wages and of Defendant's prior noncompliance with farm work employment laws.

26.     Prior to Plaintiffs' employment with Defendant, Defendant was sued by former agricultural employees for violations of minimum wage laws, nonpayment of wages, and failure to provide written disclosures about the terms of employment for work performed in the 2003 berry season. These employees sued Defendant in the Federal District Court for the District of Oregon on or around May 5, 2004, and a settlement agreement and stipulation to judgment was entered on October 27, 2006.

27.     Prior to Plaintiffs' employment with Defendant, Defendant was again sued by a former agricultural employee for violations of minimum wage laws and for nonpayment of wages for work performed in or around January through August of 2005. The employee sued Defendant in the Circuit Court of Oregon for the County of Clackamas on or around August 6, 2007, and a stipulated judgment was entered against Defendant on June 24, 2008.

28.     On August 29, 2011, the Oregon Bureau of Labor and Industry (BOLI) issued a notice of intent to assess civil penalties against Defendant for alleged violations of Oregon wage and hour laws. Defendant entered a settlement agreement with BOLI on July 23, 2012, wherein he agreed to make regular payments of $100.00 to $200.00 until May 04, 2014.

29.     Plaintiffs filed a Complaint against Defendant in the Federal District Court for the District of Oregon on September 24, 2009.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 6

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

30.     The matter went to binding arbitration on October 25, 2012 through October 26, 2012 pursuant to a joint motion.

31.     The arbitrator found that Defendant willfully violated Oregon wage and hour law by failing to pay Plaintiffs the minimum wage, by failing to pay wages when due, and for having made unlawful deductions from Plaintiffs' pay in the form of fees for rent and a 7.65% alleged tax withholding.

32.     The arbitrator further found that Defendant was aware of his obligations under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) and nevertheless willfully failed to comply. The arbitrator found that Defendant willfully violated conditions of the Act by failing to maintain safe housing conditions, failure to pay wages when due, violating working arrangements, failing to provide Plaintiffs with notice of their rights, failing to keep records about the hours worked by Plaintiffs, and providing false and misleading information to Plaintiffs.

33.     The arbitrator found that Defendant did not act in good faith under the FLSA by failing to pay Plaintiffs the federal minimum wage.

34.     The arbitrator awarded Plaintiff Ramiro Martinez-Lopez $8,600.17 in wages and penalties.

35.     The arbitrator awarded Plaintiff Ernesto Martinez-Ramirez $11,429.82 in wages and penalties.

36.     The arbitrator awarded Plaintiff Eutimio Ortiz-Garcia $11,251.60 in wages and penalties.

37.     The arbitrator awarded Plaintiff Rafael Ortiz-Garcia $20,425.15 in wages, penalties and liquidated damages.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 7

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

38.     The arbitrator awarded attorneys fees to Plaintiffs' counsel in the amount of $104,202.40 and costs in the amount of $7,807.59.

39.     An amended judgment was signed by Judge Aiken and entered on May 1, 2013 in the United States District Court for the District of Oregon. Plaintiffs registered the foreign judgment in the Circuit Court of the State of Oregon for Marion County on June 27, 2013 and began garnishing canneries and packing plants where Mr. Cam was believed to have sold his berries.

## II. Defendant's Bankruptcy and Transfers of Property

40.     Plaintiffs' counsel received the Notice of Defendant's Chapter 7 Bankruptcy case on or about July 23, 2013.

41.     On July 25, 2013 Plaintiffs received a challenge to garnishment form signed by Vasily Cam, Defendant's father, and Nina Cam, relationship unknown.  The form indicated that the interest from the crop sent to Garnishee Santiam River, Inc. belonged to Nina Cam and not to Defendant. Santiam River, Inc. had accounts payable in Defendant's name at the time of the garnishment.

42.     A Rule 341 Meeting of Creditors took place on August 21, 2013. Defendant testified that he had transferred all leases on property owned by his uncle to his sister, Anna Snegirev.  Defendant further testified that he had transferred the farm to his sister, that she was now receiving payments from canneries, and that his sister was paying him a salary.  Defendant's counsel added this was an oral transfer of interests to Defendant's sister and that Ms. Snegirev would take the proceeds of the business and that she was to manage Cam's berry operations outside of the business conducted at Berry Empire. Berry Empire farming is a new venture for Defendant. Defendant later testified at the 341 Meeting of Creditors that the bulk of the money from the sale of the berries in the 2013 harvest went to his sister.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 8

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

43.     Defendant transferred his business to his sister for no consideration.

44.     Questioned by Plaintiffs' counsel as to whether he recalled that the alleged transfer of assets to his sister took place close to the time that the judgment was entered against him for Plaintiffs, May 2013 as reflected in Defendant's schedules, Defendant recanted and stated the transfer took place one year prior.

45.     In Schedule B of Defendant's voluntary petition for Chapter 7 Bankruptcy, Defendant reported that his accounts receivable were valued at zero dollars, adding parenthetically that these accounts belong to Anna Snegirev.

46.     Canneries processing Defendant's berries continue to have accounts payable in Defendant's name. To date, the Trustee has uncovered and collected over $40,000.00 of Defendant's receivables.

47.     Defendant indicated in his schedules and at the August Meeting of Creditors that in June 2013, he gave his uncle, Pirifil Cam, a secured interest of 50% of the proceeds from particular acres of his berry crops.   Defendant claimed at the Meeting of Creditors that this transfer was to pay off a debt owed to his uncle, $44,000 at the time of the Meeting of Creditors.  Defendant testified at the Meeting of Creditors that his 2013 berry crop was valued somewhere between $60,000.00 to $120,000.00

48.     Defendant reported that he transferred ownership of his 2006 Toyota Tacoma, in good working condition, to his nephew Dimayn Snegirev.  Defendant listed in the schedules an April 30, 2013 sale of the truck for $5,000, although Defendant never received any cash for the vehicle. At the Meeting of Creditors, Defendant claimed the transfer was made to pay some debt owed to his nephew. Defendant transferred the vehicle to cancel an alleged debt worth less than the vehicle itself.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 9

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

49.     Defendant indicated at the Meeting of Creditors that he sells fresh-market berries at the Berry Empire fruit stand and that it is mainly a cash business.  The land used for this operation is owned by Berry Empire and the lease was not transferred to his sister. Defendant did not report this income in his schedules.

50.     Defendant stated in the Meeting of Creditors that his yearly income to date for 2013 was $7,800.  Defendant asserted in his schedules that his gross income for 2011 and 2012 was $115,000. Defendant has received payments from berry processors and canneries in excess of $100,000 in 2013.

## FIRST CLAIM FOR RELIEF

(Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(2)(A), Fraudulent Transfer and Concealment of Assets)

51.     Plaintiffs are informed and believe that Defendant intentionally concealed assets from the Court and interested parties and has transferred property belonging to him to family members within one year of his filing for bankruptcy with the intent to hinder, delay, or defraud Plaintiffs.

52.     Defendant intentionally concealed assets when he omitted income he earns through his cash business with Berry Empire.

53.     Defendant intentionally concealed assets when he stated in the Meeting of Creditors that his yearly estimated wages would be $7,800, when he was receiving payments from processors in excess of $100,000 in 2013.

54.     Defendant acted with intent to defraud Plaintiffs when he made an alleged oral transfer of his farming operations to his sister for no consideration, in the same month that the final judgment was entered in favor of Plaintiffs, May 2013.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 10

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

55.     Defendant also acted with the intent to defraud Plaintiffs when he gave his uncle a secured interest of 50% of the proceeds from certain acres of Defendant's berry crops, the value of which was in excess of the debt allegedly owed.

56.     Defendant acted with the intent to defraud Plaintiffs when he transferred ownership of his 2006 Toyota Tacoma to his nephew in April 2013 for less than the vehicle's value.

57.     Defendant's discharge is to be denied pursuant to 11 U.S.C. § 727(a)(2)(A) because Defendant transferred and concealed property belonging to him within one year of his filing for bankruptcy with the intent to hinder, delay, or defraud creditors.

### SECOND CLAIM FOR RELIEF

(Objection to Discharge Pursuant to 11 U.S.C. § 727(a)(4)(A), Making False Oath in Connection With Bankruptcy Proceedings)

116.     Plaintiffs are informed and believe that Defendant made false oath in his bankruptcy proceedings when he intentionally made false statements and omitted material assets and information.

119.     Defendant falsely stated that he orally transferred his business to his sister first in 2013, then changing his testimony to an alleged transfer in 2012.

121.  Defendant knowingly omitted income that he makes through his cash business with Berry Empire.

122.     Defendant reported his yearly income for 2013 was $7,800 when he received payments from processors in excess of $100,000. These payments were not accounted for Defendant's schedules.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLLILITY OF CERTAIN
DEBTS - PAGE 11

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

123.     Defendant falsely represented the transfer of his 2006 Toyota Tacoma to his nephew as a "sale" for $5,000.00 when, according to Defendant's later testimony it was transferred to his Defendant's nephew to pay off a debt owing, a debt less than the value of the truck.

124.     Defendant falsely disclosed no account receivables and stated that they were transferred to his sister.

125.     Defendant's discharge is to be denied pursuant to 11 U.S.C. § 727(a)(4)(A) because Defendant knowingly and fraudulently made a false oath or account in his bankruptcy proceedings when he consciously and deliberately made false statements and omitted material assets and information.

### THIRD CLAIM FOR RELIEF

(To Determine Dischargeability of Debt Owed to Plaintiffs Pursuant to 11 U.S.C. §523(a)(6), Debt Incurred Through Willful and Malicious Injury)

126.     Defendant deliberately and consciously chose not to pay Plaintiffs all wages owed.

127.     Defendant purposely gave Plaintiffs false and misleading information about deductions from their wages.

128.     Defendant knowingly and willfully failed to maintain sanitary living conditions for Plaintiffs.

129.     Defendant willfully failed to give written disclosures about the terms of Plaintiffs' employment and did not keep records of hours worked by Plaintiffs or payments made to Plaintiffs.

130.     Defendant consciously made unlawful deductions from Plaintiffs' wages without Plaintiffs' written permission.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 12

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

131.     Defendant exhibited a pattern of intentional nonpayment of wages, failing to maintain sanitary conditions, and failing to give written disclosures about the terms of employment.

132.     Defendant knew, or should have known of his obligations under state and federal wage laws and of his obligations under the Migrant and Seasonal Agricultural Worker Protection Act.

136.     Defendant willfully hired Plaintiffs and employed Plaintiffs in bad faith, lacking an intention to comply with his obligation to properly pay and report Plaintiffs' wages, then refusing to pay Plaintiffs when funds were available.

138.  Defendant acted maliciously by intentionally not paying Plaintiffs the wages they are owed, not maintaining sanitary conditions, giving misleading information about deductions from their wages and not for providing Plaintiffs with the conditions of their employment in writing.

140.     The debt owed to Plaintiffs is not dischargeable pursuant to 11 U.S.C. § 523(a)(6) because Defendant willfully and maliciously caused injury to Plaintiffs.

### FOURTH CLAIM FOR RELIEF

(To Determine Dischargeability of Debt Owed to Plaintiffs Pursuant to 11 U.S.C. § 523(a)(2)(A), Debt Incurred Through False Pretenses, False Representation or Actual Fraud)

141.     At the time of hire, Defendant made material representations that he would pay Plaintiffs a set piece rate for picking berries and an hourly wage rate for all other hours. Plaintiffs reasonably relied on Defendant's promise to pay them.

142.     Defendant lacked intent to keep his promise to pay Plaintiffs' wage. Defendant's willful misrepresentation resulted in a loss of income and other economic losses suffered by Plaintiffs.

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 13

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

143.     Defendant was aware of the employment and farm worker laws pertinent to Defendant's farming business, specifically, that employees were entitled to their promised wages.

144.     The debt owed to Plaintiffs for unpaid wages is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because Defendant obtained services from Plaintiffs through false pretenses, false representations, or actual fraud by hiring and engaging Plaintiffs for their work without intention to pay them for all of the work performed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor against Defendant as follows:

a)      That the Defendant be denied discharge pursuant to 11 U.S.C. § 727(a)(2)(A);

b)      That the Defendant be denied discharge pursuant to 11 U.S.C. § 727(a)(4)(A);

c)      That the debt owed to Plaintiffs by Defendant be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

d)      That the debt owed to Plaintiffs by Defendant be determined to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A);

e)      Reasonable attorney's fees and costs;

///

///

///

///

///

///

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 14

**NORTHWEST WORKERS' JUSTICE PROJECT**
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

f)    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of October, 2013.

/s/ Erin M. Pettigrew
Of Attorneys for Plaintiffs
**Erin M. Pettigrew**, OSB 125100
erin@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 1100
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB 771507
michaeldale@michaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

COMPLAINT OBJECTING TO DISCHARGE AND FOR THE
DETERMINATION OF DISCHARGEABLILITY OF CERTAIN
DEBTS - PAGE 15

NORTHWEST WORKERS' JUSTICE PROJECT
812 SW Washington, Suite 1100
Portland, Oregon 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029